**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIM. NO: 7:21-CR-14 (HL)** |
| | : | |
| **YAO LIN,** | : | |
| | : | |
| **Defendant.** | : | |

## PROTECTIVE ORDER GOVERNING DISCOVERY

For the reasons set forth in the Government's Motion for Protective Order Governing Discovery filed on July 27, 2021, **IT IS HEREBY ORDERED**, pursuant to Federal Rule of Criminal Procedure 16(d) that:

1. For the purposes of this order and discovery in this action, confidential, sensitive, and potentially protected information means dates of birth, social security numbers, home addresses, electronic mail addresses, personal telephone (cellular and landline) numbers, employee and other identifying numbers, financial records (which includes bank and credit account numbers and tax documents), and other personal identifying information specific to a particular individual, but not including a name.

2. The materials, described above, provided by the United States to defense counsel in the above-referenced case, will be used by the defendant and defendant's counsel solely for purposes related to the defense of this criminal case.

3. The discovery materials provided by the United States, regardless of whether such materials and information have been produced pursuant to Rule 16 or otherwise, shall not be

further disseminated by the defense counsel or defendant to any individual, organization, or other entity, other than:

    a.    To members of the defense team (co-counsel, paralegals, investigators, litigation support personnel, the defendant, and secretarial staff);

    b.    Experts or consultants retained to assist in the preparation of the defense, and then only if such information is necessary to that preparation; and

    c.    The Court.

Upon any dissemination of the materials and information containing the confidential, sensitive, or protected information identified herein, defense counsel will inform the recipient, to include any defendant, of the requirement to maintain the confidentiality of the information conveyed.

4.    Defense counsel and any investigators may display copies of any materials containing the confidential, sensitive, or protected information provided as discovery to non-expert witnesses if it is determined that it is necessary to do so for the purpose of preparing the defense of the case, and may do so without any notice to the United States.  However, the defense team may only show copies of confidential, sensitive, or protected information to witnesses, in the presence of the defense team, if the witnesses agree that they will not disseminate information in the documents, and provided that the defense team retrieves all copies of the confidential, sensitive, or protected information from the witnesses after the meeting.

5.    The defendant may not be given copies of any materials which contain confidential, sensitive, or protected information.  The defendant may review the confidential, sensitive, or protected information while in the presence of the defense team, but the defense team must maintain custody and control of the confidential, sensitive, or protected information.  If defense counsel determines that it is necessary to provide copies of any materials to a defendant, counsel

will ensure that all confidential, sensitive, or protected information, to include personal identifying information, is first redacted from any such materials.  Defendants, however, can have unfettered access to any materials containing confidential, sensitive, or protected information, which only contain information about that individual defendant or which was prepared or provided to the government by the defendant in connection with the matters charged in the indictment..

If counsel determines there is need for a defendant to have access to unredacted material containing confidential, sensitive, or protected information outside the presence of the defense team, counsel may petition the court *ex parte* for permission to do so.

6.      If defendant's counsel desires to disclose any of the materials containing confidential, sensitive, or protected information or make available or communicate the content of such materials to any other person counsel may advise counsel for the government and seek its consent or may petition the court *ex parte* for permission to do so.

7.      This order shall survive the termination of this action, and upon termination of these actions and after the time for appeal and/or post-conviction (i.e. habeas corpus or collateral attack under 18 U.S.C. §2255) has expired, counsel for the defendant shall return all copies of the discovery materials to the United States, shall certify that said documents have been destroyed, or, to the extent counsel deems it necessary to maintain any part of discovery, shall be governed by this order and certify that the documents are stored in a way that makes any protected information inaccessible to any third parties and provide a document destruction date.

**SO ORDERED** this  29th day of ____July____, 2021.

_____s/Hugh Lawson_____
HUGH LAWSON
SR. UNITED STATES DISTRICT JUDGE

Presented by:
*/s/Robert D. McCullers*
ROBERT D. MCCULLERS
Georgia Bar No. 486976
Assistant U.S. Attorney
Middle District of Georgia
P.O. BOX 1702
MACON, GA    31202-1702
TEL. 478-752-3511
FAX. 478-621-2631
Email:    Robert.mccullers@usdoj.gov